GARY F. ALEXANDER *v.* CARL ROBINSON, WARDEN,
CONNECTICUT CORRECTIONAL INSTITUTION,
SOMERS, ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued October 13—decision released December 15, 1981

*Ellen B. Lubell,* special public defender, with whom was *G. Douglas Nash,* for the appellant (plaintiff).

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

ARTHUR H. HEALEY, J. This matter involves a habeas corpus petition challenging the calculation of the plaintiff's statutory good time credits pur-

suant to General Statutes § 18-7.[1] The plaintiff has appealed from the judgment of the trial court, *L. Dorsey, J.,* refusing to calculate the credits based on the aggregate of the plaintiff's consecutive and concurrent sentences. The court, instead, ruled that the plaintiff, upon whom the consecutive sentence was imposed after the concurrent sentences, was not yet "held," as required by § 18-7, under the consecutive sentence and therefore refused to aggregate the sentences pursuant to § 18-7. The court reasoned that the consecutive sentence was to be treated as

[1] At the time the petitioner's sentences were imposed, General Statutes (Rev. to 1975) § 18-7 read as follows: "POWERS AND DUTIES OF WARDEN. PUNISHMENT AND REWARD OF INMATES. The warden shall manage the Connecticut Correctional Institution, Somers, subject to the direction of the commissioner of correction, and he shall keep all the prisoners employed in such labor as the commissioner orders, during the term of their imprisonment. He shall also keep a record of any punishment inflicted upon a prisoner, showing its cause, mode and degree, and a like record of the conduct of each prisoner. Any prisoner may, by good conduct and obedience to the rules of said institution, earn a commutation or diminution of his sentence, as follows: Sixty days for each year, and pro rata for a part of a year, of a sentence which is not for more than five years; and ninety days for the sixth and each subsequent year, and pro rata for a part of a year, and, in addition thereto, five days for each month as a meritorious time service award which may be granted in the discretion of the warden and the commissioner for exemplary conduct and meritorious achievement; provided any serious act of misconduct or insubordination or persistent refusal to conform to institution regulations occurring at any time during his confinement in said prison shall subject the prisoner, at the discretion of the warden and the commissioner, to the loss of all or any portion of the time earned. Said commutation of sentence shall apply to any prisoner transferred from the Connecticut Correctional Institution, Somers, to the Connecticut Correctional Institution, Cheshire. When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section. The commissioner may employ prisoners outside the institution walls, within the state, under the charge of some officer of the institution. He shall provide for the prisoners suitable food and clothing and suitable implements and

separate and distinct from the concurrent sentences so as to preclude the plaintiff from the larger credits accorded to long term offenders under § 18-7.

The facts of this case are not seriously disputed: On August 21, 1975, the plaintiff was sentenced to an effective term of imprisonment of not less than five nor more than ten years by the Tolland County Superior Court. Also on that date, the Hartford County Superior Court in a different case sentenced the plaintiff to a concurrent term of five to ten years imprisonment. On January 23, 1976, the plaintiff

materials for their work, and shall provide for the relief of any sick or infirm prisoner, and the cost thereof shall be paid by the state from funds appropriated and available for such purpose. The warden shall superintend the labor and conduct of the prisoners, and, when requested, shall communicate to the commissioner any information in his knowledge respecting the prison."

This statute was subsequently amended in 1976 by inserting the following language in the third sentence after "Any prisoner": "sentenced to a term of imprisonment prior to the effective date of this act." General Statutes § 18-7a, which was also enacted in 1976 and which is entitled "Good conduct for prisoners sentenced on and after October 1, 1976," provides in part as follows: "(a) Except as provided in subsection (b) any person sentenced to a term of imprisonment, on and after October 1, 1976, and while still serving such sentence whether such sentence is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined may, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a commutation or diminution of his sentence in the amount of ten days for each month, and pro rata for a part of a month, of a sentence which is for not more than five years, and fifteen days for each month, and pro rata for a part of a month, for the sixth and each subsequent year of a sentence of more than five years. In the case of an indeterminate sentence, such credit shall apply to both the minimum and maximum term. In the case of an indefinite sentence, such credit shall apply to the maximum term only. Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee."

For crimes committed after July 1, 1981, § 18-7a (b) now provides a new and more limited calculation of good time credit.

was sentenced by the New Haven County Superior Court to an effective sentence of four to eight years "consecutive to any sentence he is presently serving." This consecutive sentence was imposed for a different crime and in a different case and has been treated as a separate and distinct sentence by the defendant.[2]

The plaintiff claims that if his two concurrent five to ten year sentences and one consecutive four to eight year sentence were aggregated into one continuous sentence of nine to eighteen years, he would be entitled to more good time credits pursuant to General Statutes § 18-7 than he is presently receiving. This is so because § 18-7 provides for increased good time credits for the sixth and each subsequent year of a sentence which runs more than five years.

The plaintiff has also claimed that even if the defendant's computation of good time credit is correct, it violates the equal protection clause of the fourteenth amendment to the United States constitution.[3] Specifically, he states that there is no rational basis upon which to distinguish, for the purpose of awarding statutory good time credit, between an inmate serving a single nine to eighteen year sentence and an inmate serving consecutive sentences totaling nine to eighteen years.

General Statutes § 18-7 provides the statutory scheme under which an inmate may earn a diminu-

[2] The records supervisor at the Connecticut Correctional Institution at Somers did not calculate statutory good time on the four to eight years consecutive sentence on the premise that is was not known when this consecutive sentence would in fact commence.

[3] The petitioner has made no claim under the equal protection clause of the Connecticut constitution. Conn. Const., art. I § 20.

tion in his sentence by maintaining good behavior and compliance with prison rules throughout his term of imprisonment. *Holmquist* v. *Manson,* 168 Conn. 389, 392, 362 A.2d 971 (1975). " '[G]ood time' is a commutation of a sentence, affecting an inmate's parole and discharge dates, thereby serving an important rehabilitative function by allowing an inmate the opportunity to earn an earlier release for himself. See *McGinnis* v. *Royster,* 410 U.S. 263, 271, 35 L. Ed. 2d 282, 93 S. Ct. 1055 [1973]." *Holmquist* v. *Manson,* supra, 394. "The purpose of the statutory good time award is to aid the rehabilitative process and to mitigate the severity of punishment by rewarding a prisoner for his good conduct." *DeSimone* v. *Norton,* 404 F. Sup. 964, 967 (D. Conn. 1975).

Under the present interpretation of § 18-7, if a sentence is imposed *at one time*[4] for two or more separate offenses, the inmate can aggregate the terms of imprisonment into one continuous term for the purpose of taking advantage of the increased rate of good time credits awarded for the later years of a long prison term. See *Moulthrop* v. *Walker,* 129 Conn. 164, 168, 26 A.2d 789 (1942). Upon aggregation of the concurrent and consecutive terms of imprisonment for the purpose of comput-

---

[4] The requirement that the sentences be imposed at one time is drawn from § 18-7 which provides in part: "When any prisoner is *held* under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section." (Emphasis added.) The term "held" has been interpreted by the defendant and the trial court to embody this requirement. Both have stated that an inmate is not "held" under a separately imposed consecutive sentence until that sentence commences at the termination of the sentence presently being served. See *State* v. *Morrissey,* 271 Minn. 123, 124, 135 N.W.2d 57 (1965).

ing statutory good time credits under § 18-7, the proposition for which the plaintiff argues, an inmate could earn good time credit at an increased rate for the sixth and subsequent years if the total aggregated sentence exceeds five years. An inmate with a sentence of nine to eighteen years, imposed at one time, would earn the larger good time credits based on his sixth through eighteenth years.

The plaintiff was, however, separately sentenced to a four to eight year term of imprisonment to run consecutive to the five to ten year term he is presently serving. Because the defendant has treated the concurrent sentences and the consecutive sentence independently, the plaintiff's good time credit is calculated from the beginning of the concurrent sentences and again from the beginning of the consecutive sentence. As a result, the plaintiff, whose aggregated sentence, for all practical purposes, is also nine to eighteen years, can only earn the larger credits on that part of each sentence which exceeds five years. Clearly, the plaintiff is receiving less good time credit than an inmate serving a nine to eighteen year sentence imposed at one time only because his sentences were imposed at more than one time.

"[T]his court will not ordinarily construe a statute whose meaning is plain and unambiguous. *Delevieleuse* v. *Manson,* 184 Conn. 434, 438–39, 439 A.2d 1055 (1981); *Frazier* v. *Manson,* [176 Conn. 638, 642, 410 A.2d 475 (1979)]; *Evening Sentinel* v. *National Organization for Women,* 168 Conn. 26, 29, 357 A.2d 498 (1975). This rule of statutory construction does not apply however if, as in this case, a literal reading places a statute in constitutional

jeopardy. We are bound to assume that the legislature intended, in enacting a particular law, to achieve its purpose in a manner which is both effective and constitutional. *Wagner* v. *Connecticut Personnel Appeal Board,* 170 Conn. 668, 674, 368 A.2d 20 (1976); *Whitfield* v. *Empire Mutual Ins. Co.,* 167 Conn. 499, 507–508, 356 A.2d 139 (1975); *Amsel* v. *Brooks,* 141 Conn. 288, 295, 106 A.2d 152, appeal dismissed, 348 U.S. 880, 75 S. Ct. 125, 99 L. Ed. 693 (1954)." *Moscone* v. *Manson,* 185 Conn. 124, 128, 440 A.2d 848 (1981).

The plaintiff is not attacking the constitutionality of § 18-7 on its face but, instead, is arguing that the trial court erred in finding that there was a rational basis for treating him differently under this statute because of the different times of imposition and the separate nature of his 1976 consecutive sentence. He argues that the word "held" in the statute is not talismanic as the trial court found it to be in saying that because the defendant has not yet begun serving his consecutive sentence, he cannot be regarded as "held" on this sentence under § 18-7. We must agree with the plaintiff.

We believe that the plaintiff is presently "held under more than one conviction. . . ." General Statutes § 18-7. Not only was he "held" under the concurrent sentences imposed on August 21, 1975, but he was also "held" under the consecutive sentence imposed on January 23, 1976. There is no question that his 1976 sentence was imposed "consecutive to any sentence he is presently serving." The mittimus issued by the New Haven Superior Court on January 23, 1976, so states. "The mittimus is the warrant by virtue of which a convict is transported to and rightly held in prison. *Redway* v.

*Walker,* 132 Conn. 300, 303, 43 A.2d 748 [1945]." [5]
*State* v. *Lenihan,* 151 Conn. 552, 554–55, 200 A.2d
746 (1964). We have observed that a mittimus after
conviction in a criminal case is similar to an execu-
tion after judgment in a civil case; it is final process
and carries into effect the judgment of the court.
*Scott* v. *Spiegel, Sheriff,* 67 Conn. 349, 359, 35 A.
262 (1896).

General Statutes (Rev. to 1975) § 54-97 provided
that "[n]o person shall be committed to the Connect-
icut Correctional Institution, Somers . . . without
a mittimus signed by the judge or clerk of the court
which committed him, declaring the cause of com-
mitment and requiring the warden . . . *to receive and
keep him* in the community correctional center . . .
for the period fixed by the judgment of said court or
until he is legally discharged; and such mittimus
shall be sufficient authority to the officer to commit
such person, and to the warden . . . *to receive and
hold him* in custody . . . ." (Emphasis added.)
Therefore, pursuant to this statute the plaintiff
was "held," certainly for the purposes of § 18-7, by
the warden of the Correctional Institution at Somers
when the sheriff executed the mittimus issued by
the New Haven Superior Court on January 23,
1976.[6] He was "held" there upon execution of the

---

[5] General Statutes § 54-98 entitled "Execution of mittimus for
commitment to Connecticut Correctional Institution, Somers" pro-
vides in part: "Sheriffs shall execute each mittimus for the com-
mitment of convicts to the Connecticut Correctional Institution,
Somers, by delivering such convicts to the warden of said institution
or his agent at said institution . . . ."

[6] The mittimus issued by the New Haven Superior Court on
January 23, 1976, was required by General Statutes § 54-97 entitled
"Mittimus required. Exception" which provides: "No person shall be
committed to the Connecticut Correctional Institution, Somers, or
a community correctional center without a mittimus signed by the
judge or clerk of the court which committed him, declaring the

mittimus not only under the specific language of that process, but also because § 54-97 explicitly makes this mittimus, the validity or execution of which is not in question, "sufficient authority . . . to the warden . . . to receive and *hold* him in custody . . . ." (Emphasis added.) This is true even though (1) the New Haven Superior Court sentence was consecutive to the previously imposed concurrent sentences and (2) it was not known exactly when the consecutive sentence would begin. In this case, we go no further than to hold that the plaintiff was "held" under "more than one conviction" under § 18-7, albeit imposed at more than one time, i.e., 1975 and 1976.[7]

Our construction of § 18-7, which fully addresses the claim of the plaintiff, makes it unnecessary for us to reach his equal protection claim. " 'Constitutional issues are not considered unless absolutely necessary to the decision of a case.' *State* v. *Della-Camera,* 166 Conn. 557, 560–61, 353 A.2d 750 [1974]; 16 Am. Jur. 2d, Constitutional Law, §§ 111, 113; see *Pi* v. *Delta,* 175 Conn. 527, 534, 400 A.2d 709 [1978]; *Ashwander* v. *Tennessee Valley Authority,* 297 U.S.

---

cause of commitment and requiring the warden or community correctional center administrator to receive and keep him in the community correctional center for the period fixed by the judgment of said court or until he is legally discharged; and such mittimus shall be sufficient authority to the officer to commit such person, and to the warden or community correctional center administrator to receive and hold him in custody, except that any community correctional center may receive any person as provided in section 7-135 without such mittimus." The mittimus in this case serves the dual purpose of a hold order for a sentence yet to be served as well as a precept under which the prisoner is held while serving his sentence.

[7] Nothing we say today is intended to frustrate the decision of a trial court which determines that a particular criminal defendant already serving a sentence should, for proper considerations, suffer the imposition of a sentence consecutive to the one earlier imposed and being served.

288, 346–47, 56 S. Ct. 466, 80 L. Ed. 688 [1936] (Brandeis, J., concurring)." *State* v. *Onofrio,* 179 Conn. 23, 37–38, 425 A.2d 560 (1979). Therefore, since we need not address the constitutional issue, we decline to do so. See *Thomas* v. *Arafeh,* 174 Conn. 464, 471, 391 A.2d 133 (1978).

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.