[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from an alleged miscalculation of the petitioner's good conduct credit and prospective eligibility date for parole.
The essential facts underlying this controversy are contained in a stipulation entered into by the parties on March 23, 1994, and filed with the court. On January 8, 1980, the petitioner was sentenced, for the crime of murder, to be confined for an indeterminate term of twenty-five years to life. On May 19, 1981, the petitioner was sentenced, for the crimes of assault second degree and robbery second degree, to be confined for indeterminate terms of two years to four years and four years to eight years, respectively, concurrent to each other but consecutive to the previously imposed twenty-five year to life sentence. On January 25, 1989, the petitioner received a third sentence, for the crime of possession of a weapon in a correctional institution, of a definite term of one year, eight months of which was concurrent to the four year to eight year sentence and four months of which was consecutive to that four year to eight year sentence. This opinion may sometimes refer to the sentence for murder as the "first sentence," the sentence for the assault and robbery as the "second sentence," and the sentence for the weapons charge as the "third sentence."
 I
The petitioner's first claim is that the respondent refuses to aggregate the three sentences into one continuous term and, consequently, deprives the petitioner of good conduct credit at the enhanced rate for service of a sentence beyond five years under General Statutes § 18-7a. The respondent denies that it has refused to aggregate the three sentences for purposes of applying the enhanced rate under § 18-7a. The court agrees with the respondent.
The petitioner's contention that the respondent refuses to aggregate the sentences is incorrect. The respondent is aggregating the three sentences but not in a manner satisfactory to the petitioner. The real issue in this case is not whether to aggregate the sentences but how to aggregate them. CT Page 8783
The petitioner contends that his three sentences ought to be aggregated by adding the minima together to obtain a new effective minimum and by adding the maxima together to obtain a new, effective maximum, and then adding the four month portion of the definite sentence to the new, effective indeterminate sentence. Thus, under the petitioner's method of aggregation, the twenty-five year minimum of the first sentence is added to the four year, effective minimum of the second sentence, resulting in a new, effective minimum of twenty-nine years. The life term of the first sentence is added to the effective eight year maximum of the second sentence, resulting in a new, effective maximum of life plus eight years. The four month portion of the third sentence is then added to the twenty-nine year minimum term.
The respondent employs a different method of combining the three sentences into one continuous term for purposes of applying § 18-7a. Unlike the petitioner, the respondent does not add the minima together. Instead, the respondent treats the second sentence, four to eight years, as commencing when the first sentence, twenty-five years to life, ends either by completely being served or by the granting of parole. The third sentence would be added to the end of the second sentence once that sentence completely served or parole granted as to that second sentence. The respondent regards the three, consecutive sentences as one continuous term for the purpose of crediting the petitioner at the enhanced rate of § 18-7a.
The question to be resolved is how does one properly combineindeterminate sentences which are to be served consecutively? Indeterminate sentencing and the parole system were first adopted in Connecticut in 1901, General Statutes (Rev. 1901), Ch. 78 § 1; State v. McGuire, 84 Conn. 470, 477 (1911). This indeterminate sentencing scheme continued as part of our jurisprudence until July 1, 1981, General Statutes §§ 53a-35
and 53a-35a.
General Statutes § 53a-37 sets forth the method of combining multiple, indeterminate sentences and states, in pertinent part:
 When a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the CT Page 8784 court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed.
Unfortunately, the stipulation of facts in this case fails to include the various sentencing authorities' comments with regard to this issue except insofar as the three mittimuses issued by the sentencing courts may reflect those intentions. The mittimus pertaining to the second sentence merely provides that the four to eight year, effective sentence be "consecutive to sentence said prisoner now is serving." Similarly, the mittimus issued pertaining to the third sentence only states that the four month portion of that definite sentence is "consecutive to sentence presently being served or yet to be served." The language of the mittimuses are devoid of specifics as to how the minimum and maximum terms of the second sentence are to be combined with the minimum and maximum terms of the first sentence. Neither document expresses the total, effective sentence Which General Statutes § 53a-37 indicates the judicial authority should announce at the time of sentencing. The court assumes that the mittimuses contain the complete comments of the sentencing judges.
The petitioner asserts that the respondent ought to construe "consecutive" to mean that the minima of the first and second sentences are added together and the maxima are also added together resulting in a new, effective minimum of twenty-nine years, being the sum of twenty-five and four, and a new, effective maximum of life plus eight years. The respondent, on the other hand, asserts that the entire second sentence must be consecutive to the entire first sentence, i.e. that the four to eight year sentence begins after the maximum life term of the first sentence is served.
A simpler example of the parties' positions may be illustrative. Suppose an inmate has received, in different cases, two five to ten year sentences which are consecutive to each other. Under the petitioner's method of computation, the inmate would serve a total, effective sentence of ten to twenty years by virtue of adding the minima together (five plus five) and the maxima together (ten plus ten). Under the respondent's CT Page 8785 method, the inmate would serve a fifteen to twenty year, effective sentence, because the second five to ten year term follows service of the ten year maximum of the first sentence.
The petitioner offers the case of Alexander v. Robinson,185 Conn. 540 (1981) in support of his methodology. Language in that case seems to indicate that a five to ten year sentence consecutively followed by a four to eight year sentence "for all practical purpose" yields a nine to eighteen year sentence, Id, 545. This result is obviously obtained using the petitioner's method of adding minima together and maxima together. But the example cited in Alexander v. Robinson, supra, was merely dictum.
The real issue in Alexander v. Robinson, supra, centered on whether the habeas court correctly determined that consecutive sentences imposed by different courts at different times were to be treated as independent sentences or one continuous sentence under § 18-7 for purposes of calculating good conduct credit. The habeas court had disallowed aggregation, and our Supreme Court reversed the habeas court and required aggregation.
There is, however, also language in Alexander v. Robinson, supra, which goes against the petitioner's contention. At p. 548, the Supreme Court stated that the second, indeterminate sentence "was consecutive to the previously imposed . . . sentence and . . . it was not known exactly when the consecutive sentence would begin." This comment reflects the respondent's position, i.e. that the second sentence begins only when the first is completed, and, because the first sentence is indeterminate, it is unknown exactly when the second sentence will commence.
In Alexander v. Robinson, supra, the Supreme Court acknowledged that their decision was meant to "go no further than to hold that the plaintiff was `held' under `more than one conviction' under § 18-7. albeit imposed at more than one time," Id, 548. Therefore, the comments in Alexander v. Robinson, supra, supporting both the petitioner's and respondent's positions are contradictory dicta and of little assistance.
What then is the correct method for aggregating consecutive, indeterminate sentences in the absence of specific direction by the sentencing court? The Court holds that the respondent's method of aggregating the petitioner's sentences is correct for the following reasons. CT Page 8786
First, "consecutive sentence" ordinarily refers to one criminal sentence that "commences consecutive to another criminal sentence," Copeland v. Warden, 225 Conn. 46, 49 (1993), (emphasis added). Under the petitioner's theory of computation, this second sentence would only be partly consecutive and partly concurrent. This is because the second sentence, under that theory, would begin upon completion of only the minimum term of the first sentence. As a consequence, the petitioner would begin serving the minimum term of the second sentence while still serving the maximum term of the first sentence. If the sentencing judge meant to impose this split result, one would expect that authority to have stated so explicitly rather than have characterized the second sentence as simply "consecutive" to the first sentence.
Second, the petitioner's interpretation can yield bizarre results. Suppose a defendant received an indeterminate sentence of one to ten years to serve. He later received, for a different crime, another indeterminate one to ten year sentence "consecutive" to the first. Under the petitioner's method of aggregation, the inmate would be serving an effective sentence of two to twenty years. After the inmate had served two years he would have completed service of the minimum term for both sentences yet the remainder of the second sentence somehow ceases being served at this point only to pick up again after the maximum term of the first sentence is completed. Using this method, the second sentence effectively became a two to twenty year term.
Third, where there is a dearth of judicial case law, deference to the governmental agency interpretation and practice with respect to statutory provisions which govern that agency may be warranted. Here, the department of corrections has dealt with computation of indeterminate sentencing for over ninety years. Presumably, its practice and methodology is such cases is the product of experience and has withstood the test of time and is, therefore, entitled to some weight.
 II
Much of the petitioner's argument regarding parole eligibility mirrors the contentions he advance with respect to the aggregation of his sentences discussed in Section I of this opinion. Before reaching that argument, however, the court has CT Page 8787 determined that it lacks subject matter jurisdiction to grant the habeas corpus relief requested with respect to parole eligibility. In Vincenzo v. Warden, 26 Conn. App. 132 (1991), the Appellate Court held that General Statutes § 54-125
creates no constitutional or statutory liberty interest in parole release, Id, 142. The Appellate Court also stated that [u]nless a liberty interest in parole exists, the procedures followed in the parole determination are not required to comport with standards of fundamental fairness," Id, 144.
Because the petitioner has no liberty interest in the granting or denial of parole, this court has no subject matter jurisdiction to grant habeas corpus relief for this claim,Vincenzo v. Warden, supra.
For these reasons, the petition is dismissed.
Sferrazza, J.