ROBIN ELLIOTT *v.* COMMISSIONER OF CORRECTION
EDWARD BOYLE *v.* COMMISSIONER OF CORRECTION
(14084)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BORDEN, Js.

Argued October 31, 1990—decision released February 26, 1991

*Madeline A. Bontatibus,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* then attorney general, for the appellant (respondent).

*John W. Watson,* assistant public defender, for the appellees (petitioners).

CALLAHAN, J. The petitioner, Robin Elliott, was sentenced to a term of imprisonment of eight to sixteen years in 1974, and was later sentenced to a term of three to six years for escape in 1977. The two sentences were ordered to be served consecutively. In his petition for a writ of habeas corpus, Elliott claims that under General Statutes § 18-7[1] the three to six year

---

[1] "[General Statutes] Sec. 18-7. POWERS AND DUTIES OF WARDEN. PUNISHMENT AND REWARD OF INMATES. The warden shall manage the Connecticut Correctional Institution, Somers, subject to the direction of the commissioner of correction, and he shall keep all the prisoners employed in such labor as the commissioner orders, during the term of their imprisonment. He shall also keep a record of any punishment inflicted upon a pris-

sentence that was imposed in 1977 should be aggregated with his eight to sixteen year sentence and construed as one continuous term of imprisonment of eleven to twenty-two years. If so construed, he argues, he is entitled to receive good time credit at the rate of fifteen days per month under General Statutes § 18-7a (a)[2] on his three to six year sentence immediately upon his discharge from his initial eight to six-

oner, showing its cause, mode and degree, and a like record of the conduct of each prisoner. Any prisoner sentenced to a term of imprisonment prior to October 1, 1976, may, by good conduct and obedience to the rules of said institution, earn a commutation or diminution of his sentence, as follows: Sixty days for each year, and pro rata for a part of a year, of a sentence which is not for more than five years; and ninety days for the sixth and each subsequent year, and pro rata for a part of a year, and, in addition thereto, five days for each month as a meritorious time service award which may be granted in the discretion of the warden and the commissioner for exemplary conduct and meritorious achievement; provided any serious act of misconduct or insubordination or persistent refusal to conform to institution regulations occurring at any time during his confinement in said prison shall subject the prisoner, at the discretion of the warden and the commissioner, to the loss of all or any portion of the time earned. Said commutation of sentence shall apply to any prisoner transferred from the Connecticut Correctional Insititution, Somers, to the John R. Manson Youth Institution, Cheshire. When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section. The commissioner may employ prisoners outside the institution walls, within the state, under the charge of some officer of the institution. He shall provide for the prisoners suitable food and clothing and suitable implements and materials for their work, and shall provide for the relief of any sick or infirm prisoner, and the cost thereof shall be paid by the state from funds appropriated and available for such purpose. The warden shall superintend the labor and conduct of the prisoners, and, when requested, shall communicate to the commissioner any information in his knowledge respecting the prison."

[2] General Statutes § 18-7a (a) provides: "GOOD CONDUCT CREDIT FOR PRISONERS. (a) Except as provided in subsections (b) and (c) any person sentenced to a term of imprisonment, on and after October 1, 1976, and while still serving such sentence whether such sentence is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined may, by good conduct and obedience to the rules

teen year term. The respondent commissioner of correction, on the other hand, contends that § 18-7 has no application to Elliott's three to six year sentence because that sentence was imposed after October 1, 1976. The respondent consequently has refused to aggregate Elliott's sentences. The respondent, rather, has required that Elliott serve his consecutive sentences as two separate and distinct terms and that he be released or paroled from his eight to sixteen year sentence before commencing to serve his three to six year sentence. As a result, Elliott will receive good time credit pursuant to § 18-7a (a) at the rate of only ten days per month for the first five years of his three to six year sentence instead of the fifteen days per month he would receive if his sentences were aggregated.

The petitioner, Edward Boyle, was sentenced on January 4, 1982, in the judicial district of Hartford, to a term of imprisonment of six to twelve years and on July 20, 1983, was sentenced in the judicial district of Tolland to a term of fifteen to thirty years.[3] Boyle's fifteen to thirty year sentence was ordered by the sentencing judge in Tolland to be served consecutively to his initial six to twelve year term.[4] In his petition for a writ of habeas corpus, Boyle claims that under § 18-7

which have been established for the service of his sentence, earn a commutation or diminution of his sentence in the amount of ten days for each month, and pro rata for a part of a month, of a sentence which is for not more than five years, and fifteen days for each month, and pro rata for a part of a month, for the sixth and each subsequent year of a sentence of more than five years. In the case of an indeterminate sentence, such credit shall apply to both the minimum and maximum term. In the case of an indefinite sentence, such credit shall apply to the maximum term only. Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee."

[3] The crimes for which Boyle was sentenced in both instances were committed prior to July 1, 1981. See General Statutes § 18-7a (b).

[4] The mittimus that issued from the Superior Court in the judicial district of Tolland reflected a total effective sentence of twenty-one to forty-two years.

his sentences should be construed as one continuous term of imprisonment of twenty-one to forty-two years. The respondent maintains, however, that § 18-7 has no application to Boyle because he was sentenced after October 1, 1976, and therefore is not entitled to have his sentences aggregated. The respondent instead has treated Boyle's consecutive sentences as two separate and distinct terms. That treatment of his sentences requires that he be released or paroled from his six to twelve year sentence before he, in effect, starts over and begins serving his fifteen to thirty year sentence. If the respondent is correct, Boyle will serve the first five years of his fifteen to thirty year sentence receiving good time credit at the rate of only ten days per month. If Boyle is correct and his sentences are construed as one continuous term, he will be entitled to receive good time credit for the sixth and subsequent years of his aggregated sentences at the rate of fifteen days per month under § 18-7a (a).

Both of these cases are controlled by our decision published this same date in *McCarthy* v. *Warden,* 217 Conn. 568, 587 A.2d 116 (1991). In *McCarthy,* we concluded that § 18-7 mandates the aggregation of consecutive sentences imposed subsequent to October 1, 1976, as well as those imposed before that date. Id. That conclusion requires that the petitioners' consecutive sentences be aggregated under § 18-7 and that their sentences be construed, as to each petitioner, as one continuous term of imprisonment for the purpose of calculating good time credits.

In view of our disposition of the petitioners' principal claim, it is unnecessary to consider their constitutional arguments. *Manchester Sand & Gravel Co.* v. *South Windsor,* 203 Conn. 267, 270, 524 A.2d 621 (1987); *State* v. *Williams,* 200 Conn. 310, 322, 511 A.2d

1000 (1986); *Alexander* v. *Robinson,* 185 Conn. 540, 548, 441 A.2d 166 (1981).

The judgment is affirmed in both cases.

In this opinion the other justices concurred.