[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have stipulated to the facts as follows:
1. Petitioner is in custody of the Commissioner of Correction pursuant to the attached judgments:
(a) Mittimus issued April 10, 1981, by the Superior Court, Judicial District of Fairfield, in the matter of State of Connecticut v. Luis Perez, Docket No. 27,272 J.D. On the date, petitioner was sentenced to a term of CT Page 4071 imprisonment of ten to twenty years for the crime of Larceny — First Degree By Receiving Stolen Property — in violation of Sections 53a-119 (8) and 53a-122 (a)(2) of the Connecticut General Statutes. Petitioner is still serving that sentence;
(b) Mittimus issued March 11, 1985, by the Superior Court, Judicial District of Stamford — Norwalk at Norwalk, in the matter of State of Connecticut v. Luis Perez, Docket No. CR20-13772. On that date, petitioner was sentenced to a term of imprisonment of two and one-half (2 1/2) years for a violation of Section 53a-103 of the Connecticut General Statutes to run consecutive to the sentence imposed in Docket No. 27,272 J.D.;
(c) Mittimus issued August 26, 1985, by the Superior Court Judicial District of Fairfield in the matter of State of Connecticut v. Luis Perez, Docket No. 31,135 J.D. On the date, petitioner was sentenced to seven and one-half (7 1/2) years for a violation of Section 53a-103 (a) of the Connecticut General Statutes to run consecutive to the sentence imposed in Docket No. 27,272 J.D.;
(d) Mittimus issued August 26, 1985, by the Superior Court, Judicial District of Fairfield in the matter of State of Connecticut v. Luis Perez, Docket No. 31,136 J.D. On that date, petitioner was sentenced to two and one-half (2 1/2) years for a violation of Section 53a-103 (a) of the Connecticut General Statutes to run concurrently with the sentence imposed in Docket No. 31,135 J.D.
2. The date of the sentencing the ten (10) and twenty (20) year sentence of Mr. Perez in Docket No. 27,272 J.D. was April 10, 1981.
3. The date of the offense related to the consecutive two and one-half (2 1/2) year sentence of Mr. Perez (Docket No. CR 20-13772) was August 13, 1984.
4. The date of the offense related to the consecutive seven and one-half (7 1/2) year sentence of Mr. Perez (Docket No. 31,135 J.D.) was May 7, 1984.
5. The date of offense related to the concurrent seven and one-half (7 1/2) year sentence of Mr. Perez (Docket No. 31,136 J.D.) was October 21, 1984.
6. Respondent treats petitioner as serving separate sentences. Pursuant to that position of respondent, the consecutive seven and one-half (7 1/2) year sentence (Docket No. 31,135 J.D.) and the consecutive two and one-half (2 1/2) CT Page 4072 year sentence (Docket No. 27,272 J.D.) will not begin to be served by petitioner until he has completed his original ten (10) to twenty (20) year sentence for Larceny First (Docket No. 27,272 J.D.) or until he is paroled from the original larceny sentence to these two sentences.
7. Respondent does not "aggregate" definite sentences with indeterminate sentences.
The only issue being pursued by the petition is whether or not the respondent, State Prison Warden, has failed or refused to aggregate the petitioner's sentences for purposes of good time calculation, as required by Connecticut General Statutes, Sections 18-7a(b) and (c), and for parole eligibility.
Petitioner argues in his brief that Public Act No. 76-358 did not repeal the requirement of Conn. Gen. Stat. Sec. 18-7 which mandates aggregation of consecutive sentences for the purposes of calculating good time credits. Respondent contends that under Sec. 18-7a he has neither the authority nor the ability to aggregate petitioner's definite sentences with his indeterminate sentences.
Conn. Gen. Stat. Sec. 18-7 (revision of 1958 as rev'd to 1975) provided as follows:
 Sec. 18-7. Powers and duties of warden. Punishment and reward of inmates. The warden shall manage the Connecticut Correctional Institution, Somers, subject to the direction of the commissioner of correction, and he shall keep all the prisoners employed in such labor as the commissioner orders, during the term of their imprisonment. He shall also keep a record of any punishment inflicted upon a prisoner, showing its cause, mode and degree, and a like record of the conduct of each prisoner. Any prisoner may, by good conduct and obedience to the rules of said institution, earn a commutation or diminution of his sentence, as follows: Sixty days for each year, and pro rata for a part of a year, of a sentence which is not for more than five years; and ninety days for the sixth and each subsequent year, and pro rata for a part of a year, and in addition thereto, five days for each month as a meritorious time service award which may be granted in the discretion of the warden and the commissioner for exemplary conduct and meritorious achievement; provided any serious act of misconduct or CT Page 4073 insubordination or persistent refusal to conform to institution regulations occurring at any time during his confinement in said prison shall subject the prisoner, at the discretion of the warden and the commissioner, to the loss of all or any portion of the time earned. Said commutation of sentence shall apply to any prisoner transferred from the Connecticut Correctional Institution, Somers, to the Connecticut Correctional Institution, Cheshire. When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section. The commissioner may employ prisoners outside the institution walls, within the state, under the charge of some officer of the institution. He shall provide for the prisoners suitable food and clothing and suitable implements and materials for their work, and shall provide for the relief of any sick or infirm prisoner, and the cost thereof shall be paid by the state from funds appropriated and available for such purposes. The warden shall superintend the labor and conduct of the prisoners, and, when requested, shall communicate to the commissioner any information in his knowledge respecting the prison.
In 1976 Conn. Public Act No. 76-358 amended the third sentence of Sec. 18-7 adding the following language as shown in brackets: "Any prisoner [sentenced to a term of imprisonment prior to October 1, 1976] may, by good conduct and obedience to the rules of said institution, earn a commutation or diminution of his sentence as follows. . . ." Conn. Public Act 76-358, 5.1 (1976). The Act also created Conn. Gen. Stat. Sec. 18-7a which has since been amended and now provides as follows:
 Sec. 18-7a. Good conduct credit for prisoners. (a) Except as provided in subsections (b) and (c) any person sentenced to a term of imprisonment, on and after October 1, 1976, and while still serving such sentence whether such sentence is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined may, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a commutation or diminution of his sentence in the amount of ten days for each month, and pro rata for a part of a month, of a sentence CT Page 4074 which is for not more than five years, and fifteen days for each month, and pro rata for a part of a month, for the sixth and each subsequent year of a sentence of more than five years. In the case of an indefinite sentence, such credit shall apply to the maximum term only. Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee.
 (b) Except as provided in subsection (c), any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1981, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence in the amount of ten days for each month and pro rata for a part of a month of a sentence up to five years, and twelve days for each month and pro rata for a part of a month for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee.
 (c) Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee.
Two recent Connecticut Supreme Court Cases address this CT Page 4075 issue.
In the case of McCarthy v. Commissioner, 217 Conn. 568
(1991), McCarthy was held pursuant to a mittimus issued on June 26, 1981. On that date McCarthy was sentenced to an indeterminate term of ten (10) to twenty (20) years. McCarthy was also held on a mittimus issued on January 11, 1983. On that date he was sentenced to a definite term of six (6) consecutive one year sentences. McCarthy averred that he was entitled: (1) to have his two sentences aggregated pursuant to Conn. Gen. Stat. Sec. 18-7, and (2) to have his good time credited at fifteen (15) days per month for the sixth and each subsequent year of his aggregated sentence pursuant to Sec. 18-7a(a). The court in McCarthy held for the petitioner reasoning that with the enactment of the Public Act No. 76-358 the legislature did not intend to exclude prisoners sentenced after October 1, 1976 from the statutory mandate of Sec. 18-7 that consecutive sentences be aggregated for purposes of calculating good time credits. McCarthy, 217 Conn. at 576, 579 581 (1991).
Similarly, in the consolidated cases of Elliott v. Commissioner and Boyle v. Commissioner, 217 Conn. 584 (1991), Elliott was sentenced: (1) to an indeterminate sentence of eight (8) to sixteen (16) years in 1974, and (2) to an indeterminate sentence of three (3) to six (6) years in 1977 to run consecutively. Boyle was sentenced: (1) to six (6) to twelve (12) years on January 4, 1982, and (2) to fifteen (15) to thirty (30) years on July 20, 1983 to run consecutively. The court held that "Sec. 18-7 mandates the aggregation of consecutive sentence imposed subsequent to October 1, 1976, as well as those imposed before that date." Id. at 587. "That conclusion requires that petitioners' consecutive sentences be aggregated under Sec. 18-7 and that their sentences be construed as to each petitioner, as one continuous term of imprisonment for the purpose of calculating good time credits." Id.
Based upon the McCarthy and Elliott decisions, therefore, the respondent, Warden, is hereby ordered to aggregate the petitioner's consecutive sentences under Section 18-7 of our Statutes and to construe them as one continuous term for the purpose of calculating good time credits.
HON. HOWARD SCHEINBLUM SUPERIOR COURT JUDGE