[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Gregory Howard has filed this petition for habeas corpus concerning the refusal of the respondent to restore statutory good conduct credit ("good time") that would reduce the length of his incarceration.
While the petitioner concedes that restoration of good time earned pursuant to 18-7a C.G.S. and lost as a disciplinary sanction pursuant to 18-7a(c) C.G.S. is within the discretion of the respondent, the petitioner makes the claim that the respondent has, in his case, refused restoration upon an erroneous interpretation of the applicable statutes.
Specifically, the respondent takes the position that good time earned as to a portion of his sentence that has expired cannot be restored and used to reduce the time served on a longer sentence that was aggregated with the initial, shorter sentence.
The parties have stipulated that the relevant facts are as follows. On February 24, 1984, the petitioner was sentenced to a 40-month term of incarceration as to Docket No. CR6-194411 (New Haven), which was to run concurrently to a term of incarceration as to Docket No. CR6-223702 (New Haven). This sentence was ordered to run consecutively to the 40-month term from Docket No. CR6-194411.
By a ruling filed on October 24, 1990, the habeas court (Dunne, J.) ruled that the petitioner's sentences as to Docket Nos. CR6-194411 and CR6-223704 were to be aggregated into "one continuous term of confinement" pursuant to 18-7a C.G.S. for purposes of calculating good time.
On March 18, 1993, in Docket No. CR6-376681, the petitioner was sentenced to a nine-month term of incarceration to be served concurrently with his prior sentences.
Because of various violations of rules of conduct during his incarceration, the petitioner lost 736 days of good time that he CT Page 5964 had earned. At some time after October 18, 1986, he requested restoration of these credits. The respondent took the position that 366 days of good time had been earned under the ten-year sentence and exercised his discretion to restore it as follows: 50 days were restored on September 15, 1990; 152 days were restored on March 2, 1990; 125 days were restored on May 8, 1990; 27 days were restored on October 30, 1990; and 2 days were restored on June 22, 1992.
The respondent has refused to restore the remaining 370 days of good time on the sole ground that these days were earned as to the 40-month sentence, which was completed on October 18, 1986.
The Connecticut Supreme Court ruled in McCarthy v. Warden,217 Conn. 568 (1991), that 18-7 C.G.S. mandates the aggregation of consecutive sentences for purposes of calculation of good time. In Elliott v. Commissioner, 217 Conn. 584, 587 (1991), the Court reaffirmed its conclusion that 18-7 mandates the aggregation of sentences and ruled that aggregation requires multiple sentences to be construed as one continuous term of imprisonment for the purpose of calculating good time credits.
The respondent takes the position that although sentences are aggregated as to earning of good time, they may continue to be treated as separate sentences with regard to restoration of lost good time, such that good time earned under a shorter sentence imposed before a longer one, then lost, cannot be restored if the shorter sentence expires, even though the inmate remains incarcerated on the aggregated sentence.
The respondent's analysis treats each of the inmate's sentences as separate and discrete, retroactively ascribing particular good time earned to particular sentences that make up the entire aggregated sentence. This approach is not supported by the rulings of the Supreme Court, cited above, which, in differing contexts, conclude that the sentence must be viewed in aggregate, not in parts. Since the Supreme Court has stressed aggregation as the proper approach to other aspects of the application of good conduct credits, this court finds no reason to approve a contrary approach with regard to restoration of such credits. Just as the earning of good time is meant to be an incentive for good behavior, see legislative history cited in Seno v. Commissioner, 219 Conn. 269, 277 (1991), the hope of restoration of lost good time can be expected to serve as an incentive to alter the bad conduct that has resulted in loss of CT Page 5965 such credits. If recovery is barred because of an analysis that views parts of the aggregate sentence as having expired, this incentive is lost.
The court finds that the respondent has denied the petitioner's request for restoration of good time on grounds not authorized by 18-7 and -7a C.G.S. as construed by the Supreme Court.
Accordingly, the petition is granted. Because the petitioner's request was denied solely on the basis of expiration of the sentence, without, apparently, a consideration of the merits of the request, the respondent is ordered to review de novo the petitioner's request for restoration of good time in a manner consistent with this opinion. No further relief is granted.
Beverly J. Hodgson, Judge of the Superior Court