## GREGORY HOWARD *v.* COMMISSIONER OF CORRECTION (14906)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and PALMER, Js.

Argued May 5—decision released July 5, 1994

*Madeline A. Melchionne,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (respondent).

*Christopher C. Sheehan,* deputy assistant public defender, for the appellee (petitioner).

CALLAHAN, J. The commissioner of correction (respondent) has appealed from the judgment of the trial court in a habeas corpus proceeding that held that good conduct credit forfeited by Gregory Howard, the petitioner, during a previous sentence and later restored, must be applied to reduce the petitioner's subsequently imposed concurrent sentence. We affirm the judgment.

The record reveals the following relevant facts. The petitioner was sentenced on February 24, 1984, to a term of imprisonment of forty months. Subsequently, on August 15, 1985, he was sentenced to a term of imprisonment of ten years to be served consecutively to his sentence of forty months. Thereafter, on March 18, 1993, he was sentenced to a term of imprisonment of nine months to be served concurrently with the sentence he was then serving.[1]

The petitioner's forty month sentence expired on October 18, 1986. He was discharged from his ten year sentence on July 2, 1993. Thereafter, he was serving only the nine month concurrent sentence imposed on March 18, 1993.

While the petitioner was serving his forty month sentence, he had forfeited a substantial amount of good conduct credit because of misconduct in the institution.

---

[1] General Statutes § 53a-38 provides in pertinent part: "CALCULATION OF TERMS OF IMPRISONMENT. . . .

"(b) A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run; (2) if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term."

See General Statutes § 18-7a (c).[2] While serving his ten year sentence, the petitioner also had forfeited a substantial amount of good conduct credit. His behavior thereafter had improved during that sentence, however, and all the forfeited credit attributable to that sentence had been eventually restored to that sentence. The respondent, however, refused to consider restoration of good conduct credits forfeited during the petitioner's forty month sentence for application to his subsequent sentences.[3]

On April 12, 1993, the petitioner brought this petition for habeas corpus to require that the respondent consider the good conduct credits forfeited during the petitioner's expired forty month sentence for application to reduce his remaining sentences. The habeas court concluded that the respondent had denied the petitioner's request on grounds not authorized by General Statutes §§ 18-7 and 18-7a, and ordered the respondent to reconsider the request.[4] The court reasoned that

[2] General Statutes § 18-7a provides in pertinent part: "GOOD CONDUCT CREDIT FOR PRISONERS. . . .

"(c) Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

[3] The decision to restore good conduct credits is a discretionary function of the warden and/or the classification department. The commissioner of correction retains the discretion to approve or disapprove any restoration award.

[4] General Statutes § 18-7 provides in pertinent part: "When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section."

the petitioner's forty month sentence and his subsequent sentences should be construed as "one continuous term" pursuant to § 18-7. It determined, therefore, that the petitioner was entitled to have any good conduct credit forfeited during his forty month sentence considered for restoration to reduce his remaining sentences.

Pursuant to the habeas court's judgment, the respondent considered the petitioner's request for restoration of good conduct credits and restored to his ten year sentence thirty days of credit that the petitioner had lost while serving his forty month sentence. The respondent, however, refused to apply the restored thirty days of credit to the petitioner's nine month sentence. When the petitioner was notified on July 29, 1993, that thirty days of good conduct credit had been restored, the petitioner already had been discharged from his ten year sentence. Thereafter, the petitioner continued to serve only the unexpired portion of the nine month concurrent term to which he had been sentenced on March 18, 1993. That term was due to be discharged in September, 1993.

In response to the petitioner's motion requesting enforcement of its judgment, the habeas court ruled that all three sentences in question were required to be treated as one continuous term of imprisonment pursuant to § 18-7. The court therefore ordered that the thirty days of restored good conduct credit be applied to that portion of the petitioner's nine month concurrent sentence that he was still serving.

The respondent did not appeal the habeas court's decision insofar as it held that the petitioner was entitled to have his forty month sentence and his consecutive ten year sentence aggregated and construed as one continuous term of imprisonment. Moreover, he does not disagree with the habeas court's ruling that

the good conduct credits forfeited by the petitioner while serving his forty month sentence properly should have been considered for application to reduce the petitioner's consecutive ten year sentence, even though the petitioner's forty month term had expired. The respondent concedes that these aspects of the habeas court's ruling were reasonable interpretations of *McCarthy* v. *Commissioner of Correction,* 217 Conn. 568, 574, 587 A.2d 116 (1991) (statutory mandate of § 18-7 that consecutive terms of imprisonment be aggregated and treated as one consecutive term of imprisonment for purpose of calculating good time credits). See also *Elliot* v. *Commissioner of Correction,* 217 Conn. 584, 587 A.2d 124 (1991).

The respondent, however, appeals from that part of the habeas court's judgment that determined that the petitioner's nine month concurrent sentence was part of a continuous term of imprisonment and that the restoration of thirty days of good conduct credit from the petitioner's expired forty month sentence had to be applied to his nine month sentence. The respondent did not seek a stay of execution, however, and the restored good conduct credits were applied to the nine month sentence that the petitioner was then serving. He was released from custody on August 30, 1993.[5]

The question posed by this appeal is whether the habeas court properly ordered the respondent to apply the restored thirty days of good conduct credit from the petitioner's expired forty month sentence to his concurrent nine month sentence. We conclude that the habeas court was correct.

Section 18-7 states in pertinent part: "When any prisoner is held under more than one conviction, the

---

[5] Although the petitioner has been released from custody, his claims are not moot. See *Delevieleuse* v. *Manson,* 184 Conn. 434, 437, 439 A.2d 1055 (1981).

several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section." This statute makes no distinction between convictions that result in consecutive sentences and those that result in concurrent sentences. See *Delevieleuse* v. *Manson,* 184 Conn. 434, 439, 439 A.2d 1055 (1981); see also *Wilson* v. *Warden,* 34 Conn. App. 503, 506, 642 A.2d 724 (1994). We cannot rewrite the statute to make such a distinction. *Zachs* v. *Groppo,* 207 Conn. 683, 690, 542 A.2d 1145 (1988); *Murray* v. *Lopes,* 205 Conn. 27, 34, 529 A.2d 1302 (1987); *Ganim* v. *Roberts,* 204 Conn. 760, 763, 529 A.2d 194 (1987). If the legislature had intended § 18-7 to apply only to consecutive sentences, it could easily have said so. *Caulkins* v. *Petrillo,* 200 Conn. 713, 719, 513 A.2d 43 (1986); *State* v. *Smith,* 194 Conn. 213, 232, 479 A.2d 814 (1984). The fact, therefore, that the petitioner's sentence was concurrent rather than consecutive does not remove it from the purview of § 18-7. Consequently, if the petitioner was "held" under more than one conviction on the imposition of his nine month concurrent sentence on March 18, 1993, he would have been entitled to have all his sentences "construed as one continuous term" of imprisonment pursuant to § 18-7 for the purpose of the forfeiture, and by implication, the restoration of good conduct credits. *Moulthrop* v. *Walker,* 129 Conn. 164, 168, 26 A.2d 789 (1942) (for forfeiture of good conduct credit earned, several counts are regarded as one continuous term).

In *Alexander* v. *Robinson,* 185 Conn. 540, 548, 441 A.2d 166 (1981), we determined that the execution of the mittimus delivering the petitioner to the custody of the warden of the Somers Correctional Institution "held" the petitioner for the purposes of § 18-7, even though the petitioner was then serving another sen-

tence. We reasoned that upon the execution of the mittimus by the sheriff, the petitioner was "held" pursuant to General Statutes § 54-97[6] and the specific language of the mittimus process. Moreover, in *State* v. *Clemons,* 168 Conn. 395, 409, 363 A.2d 33, cert. denied, 423 U.S. 855, 96 S. Ct. 104, 46 L. Ed. 2d 80 (1975), we concluded that concurrent sentences are separate terms of imprisonment.

We cannot distinguish *Alexander* and *Clemons* from the present case to conclude other than that the petitioner was "held" under more than one conviction.

The petitioner had not only been committed to the respondent and the warden by the authority of a mittimus, but, because his March 18, 1993 sentence was concurrent to his previous sentence, he had embarked immediately upon its service. It is clear, consequently, that the petitioner was "held" under more than one conviction. As a result, his sentences must be "construed as one continuous term" of imprisonment pursuant to § 18-7 for the purpose of the restoration of any good conduct credit. Therefore, the petitioner was entitled to have the thirty days of restored good conduct credits applied to his overall sentence, that is, the sentence with the longest term to run, in this case, his nine month concurrent sentence. "[T]he legislature explicitly chose to make the 'effective sentence' the

---

[6] "[General Statutes] Sec. 54-97. MITTIMUS REQUIRED. EXCEPTION. No person may be committed to the Connecticut Correctional Institution, Somers, or a community correctional center without a mittimus signed by the judge or clerk of the court which committed him, declaring the cause of commitment and requiring the warden or community correctional center administrator to receive and keep him in the Correctional Institution, Somers, or the community correctional center, as the case may be, for the period fixed by the judgment of said court or until he is legally discharged; and such mittimus shall be sufficient authority to the officer to commit such person, and to the warden or community correctional center administrator to receive and hold him in custody, except that any community correctional center may receive any person as provided in section 7-135 without such mittimus."

benchmark for 'good time' under § 18-7 . . . ." *Delevieleuse* v. *Manson,* supra, 184 Conn. 440.

Moreover, the fact that the petitioner's forty month sentence had expired prior to the time the petitioner was "held" pursuant to his nine month sentence does not defeat the petitioner's claim that he was entitled to the restored good conduct credits attributable to that sentence. Concededly, the petitioner's forty month sentence was required to be treated as one continuous term with his subsequent ten year sentence. See *McCarthy* v. *Commissioner of Correction,* supra, 217 Conn. 568. His forfeited good conduct credits from that sentence were, therefore, applicable to his ten year sentence. Because the nine month concurrent sentence must be construed as one continuous term with his ten year sentence, those credits were also available for application to his nine month sentence.

We conclude therefore that the habeas court properly ordered the respondent to apply the thirty days of good conduct credit from the petitioner's forty month sentence restored to the time remaining on his nine month sentence.

The judgment is affirmed.

In this opinion the other justices concurred.