[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that the respondent is improperly applying Administrative Directive 9.5 of the "Code of Penal Discipline" on his request for restoration of his lost statutory good time.
The facts are not in dispute by the parties. The petitioner was sentenced on March 1, 1992 for eight (8) years and on February 25, 1994 for three (3) years for a total sentence of eleven (11) years. On January 22, 1993 he lost 73 days of earned statutory good time, on August 6, 1993, 30 days and on September 15, 1993, 30 days, all of which were results of class "A" offenses. Subsequently he lost 7 days on August 9, 1994, 10 days on September 8, 1994 and 6 days on September 19, 1994. At the time of these losses of earned statutory good time the Administrative Director 9.5 required a prisoner to remain discipline free for 6 months for a class "A" violation before any restoration of lost earned statutory good time. In 1994 the petitioner was notified that the new Administrative Directive 9.5 promulgated in 1994 would apply to the petitioner which would extend the waiting period to apply for restoration of his lost 157 days of earned statutory good time beyond the termination of his sentence.
The petitioner claims that the respondent (1) has not adhered CT Page 375-II to the provisions of the UAPA when adopting, amending or repealing the Administrative Directive; (2) that the retroactive application of the Directive lengthened his period of incarceration constituting cruel and unusual punishment under theEighth and Fourteenth Amendments of the United States Constitution; and (3) such retroactive application violates the ex post facto clause of the United States Constitution by increasing the punishment for a prior offense.
The court's jurisdiction in a habeas corpus matter is a cognizable claim of illegal detention. Since the Commissioner of Corrections or his designee have the discretionary function of applying, revocating or restoring statutory good time credits,Howard v. Commissioner of Corrections, 230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v.Warden, 26 Conn. App. 132, 134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners a constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retroactive application of the Directive has CT Page 375-JJ lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
The petitioner claims the application of the Directive retroactively violates the Constitutional prohibition against ex post facto laws. Ex post facto relates to crimes only making innocent acts criminal. The Constitutional Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id. 183.
For the above reasons the petition is dismissed.
Corrigan, J.