[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that he forfeited 60 days of earned good time by receiving a Class A disciplinary ticket on March 5, 1993 and lost 60 days on April 14, 1993 by a Class A ticket. These 120 days were forfeited while Administrative Directive 9.5 required the petitioner to be discipline free for a period of 6 months before being considered for restoration of the forfeited earned good time. On February 7, 1994 Administrative Directive 9.5 was promulgated requiring the petitioner to remain discipline free for a period of sixty (60) months in order to be considered for restoration of such forfeited good time credit.
The petitioner claims that the Commissioner did not comply with UAPA; (2) improperly applied Administrative Directive 9.5 retroactively to the petitioner; and (3) such restorative application violated the ex post facto clause of the United States Constitution.
Since the Commissioner of Corrections or his designee have the discretionary function of applying, revocating or restoring CT Page 375-LL statutory good time credits, Howard v. Commissioner ofCorrections, 230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden, 26 Conn. App. 132,134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchezv. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners a Constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289,299. Here the petitioner does not allege improper revocation of such credits but that the retrospective application of the Directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v Commissioner, 43 Conn. App. 176, 181.
Finally, ex post facto relates to crimes only; making innocent acts criminal. The Constitutional Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 183. CT Page 375-MM
For the above reasons the petition is denied.
Corrigan, J.