[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that he forfeited 30 days of earned good time on each of two Class A disciplinary tickets received on April 25, 1991, 90 for a Class "A" offense on December 9, 1992 and 30 days for a Class "B" offense on April 18, 1993, while Administrative Directive 9.5 "Code of Penal Discipline" required the petitioner to be discipline free for a period of 6 months for a Class "A" violation and 4 months for a Class "B" violation before applying for restoration of such forfeited good time credits. On April 19, 1993 a new Administrative Directive 9.5 was promulgated requiring the petitioner to be discipline free for a period of 12 months for a Class "A" violation and 6 CT Page 970 months for a Class "B" violation before applying for restoration of forfeited good time credits after which petitioner forfeited 90 days for a Class "A" offense on April 29, 1993 and 90 days for a Class "A" offense on November 15, 1993. On February 7, 1994 a new Administrative Directive 9.5 was promulgated requiring the petitioner to be discipline free for a period of 60 months for a Class "A" violation and 48 months for a Class "B" violation before applying for restoration of forfeited good time credits after which petitioner forfeited 60 days for a Class "B" violation on February 14, 1994.
The petitioner claims that the Commissioner did not comply with UAPA; (2) improperly applied Administrative Directive 9.5 retroactively to the petitioner; and (3) such restoration application violated the ex post facto clause of the United States Constitution.
Since the Commissioner of Corrections or his designee have the discretionary function of applying, revocating or restoring statutory good time credits, Howard v. Commissionerof Corrections, 230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden,26 Conn. App. 132, 134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners a Constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retrospective application of the Directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
Finally, ex post facto relates to crimes only; making innocent acts criminal. The Constitutional Clause doe not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 183. CT Page 971
For the above reasons the petition is denied.
Corrigan, J.T.R.