[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that the respondent has improperly refused to consider restoration of his forfeited good time credits in the retroactive application of the current Administrative Directive 9.5 "Code of Penal Discipline" resulting in violation of Ex Post Facto Clause of the United States Constitution and in violation of the Connecticut Constitution Article I. The facts are not in dispute. The petitioner pled guilty to a Class A violation of Administrative Directive 9.5 on August 8, 1991 and to Class B violation on January 10, 1992 which resulted in the total loss of 209 statutory good time days. The forfeiture occurred at a time Administrative Directive 9.5 allowed him to apply for restoration of such loss of good time after remaining discipline free of any Class A violation for 6 months and of any Class B violation for 4 months. On February 7, 1994 A.D. 9.5 was amended to extend the period to 60 months for a Class A violation and 48 months for a Class B violation, When the petitioner applied for restoration on July 29, 1994, the respondent applied the current A.D. 9.5.
Since the Commissioner of Corrections or his designee have the discretionary function of applying, revocating or statutory good time credits, Howard v. Commissioner of Corrections,
CT Page 1743230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden, 26 Conn. App. 132, 134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden,214 Conn. 23, 33.
The Due Process Clause gives prisoners a Constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retrospective application of the Directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
Finally, ex post facto relates to crimes only; making innocent acts criminal. The constitutional Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 183.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee