[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner in this habeas matter, Carlos Rivera, hereinafter "Pet.", is presently an inmate at the Osborn Correctional Institution in Somers, Connecticut. He has brought this petition claiming that the respondent warden, hereinafter "State", has incorrectly computed his sentence, depriving him of good time credit, thereby depriving him of his right to liberty in violation of Connecticut statutes as well as his right to liberty guaranteed him by the Connecticut and United States Constitutions. Pet. filed a pre-trial brief and both parties filed post-trial briefs. Trial was held before this court on March 4, 1997.
The pertinent facts are not in dispute:
1. Pet. was arrested on June 17, 1989, held in lieu of bond CT Page 5813 until August 15, 1989, at which time he was sentenced to three years for violation of CGS § 21a-277a. (Sentence #1).
 2. On February 9, 1990, while on supervised home release, Pet was arrested on another charge and reincarcerated, his home release status was revoked and he continued to serve time on his original three year sentence. On June 5, 1990 he was sentenced to eight years on one count of violation of CGS § 53a-122 and one count of violation of CGS § 53a-167c. Said sentences were to run concurrently with each other and concurrently with the sentence of three years he was already serving. (Sentence #2).
 3. On September 25, 1991, Pet. received a one year sentence for violation of CGS § 53a-167c(a)(1). (Sentence #3). This was to run consecutively to his previously imposed sentences, resulting in a total effective sentence of nine years.
 4. Pet. earned a total of 90 days good time credit (SGT) on Sentence #1, including 30 days while on supervised home release.
 5. Pet. earned 19 days of jail credit good time (JCGT) while being held in lieu of bond between his arrest of June 17, 1989 and Sentence #1 on August 15, 1989.
6. Pet. earned 8 days of job credit on Sentence #1.
 7. The total amount of credit Pet. earned on Sentence #1 is 117 days. This is distinguishable from additional presentence confinement credit which Pet. is not seeking.
The issue, then, is whether the commutation credits Pet. earned under Sentence #1 should be applied to reduce his overall aggregate or effective sentence of nine years.
The parties have agreed that where the language of a statute is clear and unambiguous, there is no need for the court to speculate as to the intent of the legislature. The courts may rely upon that language as the intent of the legislature. Nicholsv. Warren, 209 Conn. 191, 196 (1988); Howard v. Commissioner,230 Conn. 17, 22 (1994). Sutton v. Lopes, 201 Conn. 115, 118 (1986).
CGS § 18-7 provides in pertinent part: "When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of CT Page 5814 commutation which he may earn under the provision of this section."
The court finds that this language is clear and unambiguous. In Howard v. Commissioner of Corrections, 230 Conn. 17, 22 (1994) the Supreme Court found that the subject statute "makes no distinction between convictions that result in consecutive sentences and those that result in concurrent sentences . . . Consequently, if the Petitioner was `held' under more than one conviction on the imposition of his nine month concurrent sentence on March 18, 1993, he would have been entitled to have all his sentences `construed as one continuous term' of imprisonment pursuant to § 18-7 for the purpose of the forfeiture, and by implication, the restoration of good conduct credits."
Although the state has attempted to distinguish Howard from the case at bar because Howard involved restoration of good time credit, this is a distinction without a relevant difference. The holding in Howard clearly allows the Petitioner's good time credits earned under sentence #1 (3 years) to-be credited to his overall effective sentence of nine years.[1] Howard held that "the legislature explicitly chose to make the `effective sentence' the benchmark for good time under § 18-7." Id. At page 23. The holding in Howard was not limited to therestortation of good time credits. It is clear from Howard that CGS § 18-7 provides that all multiple sentences, consecutive and concurrent, are to be aggregated to calculate good time credits, whether by restoration or any other way.
The state argues that Pet. is seeking additional presentence confinement credit, "jail credit." He is not. He is merely seeking GTC earned during presentence confinement as well as GTC earned during his three year sentence. Therefore, CGS §18-98d and Payton v. Albert, 209 Conn. 23 (1988) cited by the state, which deals with the transferability of presentence confinement (jail time) credit, are not applicable to the case at bar.
Further, the purposes of CGS §§ 18-98d and 18-7 are different. The former is to ensure that those defendants unable to make bail are credited with the time they are incarcerated prior to sentencing. In effect it is "time served" and to deny them this credit would put them into the same situation as those who do make bail, while taking away the formers' liberty during pre-sentence confinement and, thereby, violating their rights to CT Page 5815 equal protection under the state and federal constitutions. Good time credit under §§ 18-7 and 18-7a is awarded for ". . . maintaining good behavior and compliance with prison rules throughout his term of imprisonment . . . good time is a commutation of a sentence, affecting an inmate's parole and discharge dates, thereby serving an important rehabilitative function by allowing an inmate the opportunity to earn an earlier release for himself." Alexander v. Robinson, 185 Conn. 540-544 (1981).
For the above reasons, the Pet. is entitled to good time credit which in this case is 109 days. Pet. has offered insufficient evidence to persuade the court that he is entitled to an eight day job credit which is not authorized under §§18-7 or 18-7a.
Accordingly, the habeas petition is granted, and the respondent is ordered to award Pet. 109 days of good time credit consistent with this decision.
Rittenband, Judge