[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, an inmate at MacDougall Correctional Institution, brings this amended petition for a writ of habeas corpus alleging that the sanctions imposed upon him after his pleas of guilty to a disciplinary report of impeding and a Class A Contraband Ticket were illegal. Both tickets arose from the petitioner's conduct on January 5, 1995, the impeding report for attempting to flee after a strip search was ordered, and the CT Page 6804 contraband report when 12 packages of heroin were found on his person. On January 6, 1995 the petitioner was found guilty of impeding and received 7 days punitive segregation, 30 days loss of good time, 15 days confined to quarters and 30 days los of visitation and on January 12, 1995 he was found guilty of possession of heroin and received 15 days punitive segregation, 15 days confined to quarters and 30 days loss of visitation.
The petitioner alleges that these sanctions were illegal in that (1) he had not been provided with the rules and regulations including the Code of Penal Discipline prior to his conduct; (2) he was given sanctions exceeding those provided by the Administrative Directive 9.5; (3) the Administrative Directive was amended after the sanctions were imposed lengthening the time period in which he would ask for restoration of the forfeited good time; and the Administrative Directive was not amended in compliance to the Uniform Administrative Procedures Act (UAPA).
 I.
Not only does the petitioner's plea of guilty remove his claim that the respondent failed to provide him appropriately the rules and regulations, but his own conduct, trying to flee search and an attempt to swallow the contraband. belie soch claim
 II.
The sanctions given are provided by Administrative Directive 9.5.
 III.
The Due Process Clause gives prisoners a constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retroactive application of the directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
The petitioner claims the application of the directive retroactively violates the Constitutional prohibition against ex CT Page 6805 post facto laws. Ex post facto relates to crimes only, making innocent acts criminal. The Constitutional Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id. 183.
 IV.
The court's jurisdiction in a habeas corpus mater is a cognizable claim of illegal detention. Since the Commissioner of Corrections or his designee have the discretionary function of applying, revoking or restoring statutory good time credits,Howard v. Commissioner of Corrections, 230 Conn. 17, 19, n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v.Warden, 26 Conn. 132, 134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden, 214 Conn. 23, 33.
The petitioner complains that the court did not fully hear his motions for discovery and reconsideration of default. However, the court may at any time even on its own motion hear the parties whether or not to dismiss the petition if it determines the petition fails to state a claim upon which habeas corpus relief can be granted. Practice Book Section 529H(2). The petitioner was given that opportunity as well as the respondent.
For the above reasons the petition is dismissed.
Thomas H. Corrigan Judge, Trial Referee