[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has improperly refused to consider restoration of his forfeited good time credits in the retroactive application of the Administrative Directive 9.5 "Code of Penal Discipline" adopted February 7, 1994. There is no dispute that the petitioner by virtue of disciplinary reports on March 19, 1991 forfeited 20 days, on June 30, 1992 forfeited 60 days, on May 28, 1993 forfeited 215 days, on August 26, 1993 forfeited 20 days, and on November 10, 1993 forfeited 44 days. These forfeitures occurred at a time when Administrative Directive 9.5 allowed him to apply for restoration of such loss of good time after remaining discipline free of any Class A violation for one year and of any Class B violation for six months. The forfeitures on March 19, 1991 and June 30, 1992 were as a result of Class B violations and the others as a result of Class A violations. As of February 7, 1994 Administrative Directive 9.5 was amended to require a period of 60 months for a Class A violation and one year for a Class B violation.
The petitioner claims that he had been ticket-free for a period in excess of one year after the November 10, 1993 ticket and that the elongated period s of being ticket-free in the amended Administrative Directive 9.5 promulgated on February 7, 1994 should not apply to tickets issued before its promulgation.
Since the Commissioner of Corrections or his designee have the discretionary function of applying, revocating or restoring statutory good time credits, Howard v. Commissioner ofCT Page 10103Corrections, 230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden,26 Conn. App. 132, 134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners a Constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retrospective application of the Directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
Finally, ex post facto relates to crimes only; making innocent acts criminal. The constitutional Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 183. But even if that were not so, the petitioner has applied only one condition Administrative Directive 9.5 to his case, the ticket-free period. That is only a minimum requirement. The directive requires exceptional behavior so that a recommendation for restoration "should be based on exemplary conduct and outstanding performance." This the petitioner has failed to show.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee