[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has unconstitutionally denied him eligibility in a program of extended family visiting. The petitioner alleged that while housed at MacDougall Correctional Institution in January of 1996 he made application for such program. He was denied eligibility because his incarceration began when he was unmarried. He was confined in lieu of bond on the present offense on August 18, 1993. He married on March 24, 1994 while in presentence status. He was sentenced on May 20, 1994 for the offense for which he was confined in lieu of bond on August 18, 1993 for a period of twenty-seven (27) years.
The petitioner has submitted at the hearing his arrest report as Petitioner's Exhibit 1 which indicates he was arrested on August 18, 1993 for three (3) charges, one of which was murder, and held on a bond of $100,000. He also submitted as Petitioner's Exhibit 2, a copy of the birth record of his alleged son born on December 27, 1993. He also testified that he was married before the Administrative Directive 10.6 was amended on July 17, 1997 to exclude from the Extended Family Visit Program those inmates who had "not legally entered into marriage with an intended visitor prior to incarceration for the present offense." The respondent offered Administrative Directive 10.6 as Respondent's Exhibits A, B and C as it had been amended on June 30, 1994, July 17, 1995 and March 29, 1996 successively. Ms. Linda Gadson, the supervisor of the Extended Family Visit Program, who identified these documents prior to their offer as exhibits, further testified that the petitioner was not eligible for the program because he was not married prior to his incarceration for the offense which he is now confined. She also added that those in the program prior to the amendment on July 17, 1997 who might have been ineligible by the amendment were "grandfathered" in. She testified that there were twenty-one requirements to be accepted for the program. Although involvement in the Crisis in Family Program was recommended, it was not one of the requirements for eligibility. She also stressed that such visitation was a privilege and not an entitlement and that the purpose of the program was to strengthen the bonds of the marriage and family. CT Page 10863
The petitioner argues that the system is discriminating against him because of his poverty. He lacked funds to marry at the conception of his son, and he lacked funds to make bond at the time of his arrest at a time when he could have married before his incarceration on this offense and that he was married before the amendment of the Administrative Directive on July 17, 1995 but because he had not made application before the amendment he wasn't "grandfathered" in as others were. His argument fails to consider that even if he met any one of the conditions that he suggests, he would not be automatically approved for the program.
The Commissioner or his designee has the discretionary function of granting such extended family visiting, Howard v.Commissioner of Corrections, 230 Conn. 17, 19 n. 3, and any adoption or amendment of such regulation as to that function does not give subject matter jurisdiction to the court. Vincenzo v.Warden, 26 Conn. App. 132, 134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden, 21a Conn. 23, 33. Further, this court recognizes the need to exclude from such a program those who have shown no desire for a family bond but when detention is upon them a continuation of self-gratification. Therefore the respondent's reason for denial of the petitioner's application removes any possible due process claim.
For the above reasons the petition is denied.
Corrigan Judge Trial Referee