[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has improperly refused to consider restoration of his forfeited good time credits in the retroactive application of the Current Administrative Directive 9.5 "Code of Penal Discipline" resulting in violation of the Ex Post Facto Clause of the United States Constitution and in violation of the Connecticut Constitution, Article 1. The facts are not in dispute. The petitioner forfeited 525 days of earned good time under the 1991-92 A.D. 9.5 and 555 days under1993 A.D. 9.5 and 150 days under the1994 A.D. 9
.5. A.D. 9.5, effective as of February 7, 1994, requires that an inmate must remain discipline free for a period of sixty (60) months for a class "B" violation. CT Page 3412
All of the petitioner's violations with the exception of two (2) class "B" violations were class "A" violations. The respondent therefore has applied the provision of A.D. 9.5 to the request of the petition for restoration which currently requires him to remain disciplined free for a period of sixty (60) months for a class "A" violation and forty-eight (48) months for a class "B" violation.
Since the Commissioner of Corrections or his designee have the discretionary function in applying, revocating or restoring statutory good time credits, Howard v. Commissioner ofCorrections, 230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden, 26 Conn. App. 132,134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchezv. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners a Constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retrospective application of the Directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
Finally, ex post facto relates to crimes only; making innocent acts criminal. The Constitution Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 183
For the above reasons the petition is dismissed.
Corrigan. J.T.R.