[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has improperly refused to consider restoration of his forfeited good time credits in the retroactive application of the current administrative directive 9.5 "Code of Penal Discipline" resulting in the violation of the Ex Post Facto clause of the United States Constitution and in violation of the Connecticut Constitution, Article 1. The facts are not in dispute. The petitioner forfeited 550 days of earned good time prior to the amendment of Administrative Directive 9.5 on April 19, 1993 when the Directive required that an inmate remain discipline free for six (6) months for a "Class A" violation, four (4) months for a "Class B" violation, and two (2) months for a "Class C" violation for consideration of restoration of forfeited good time credits. On April 19, 1993 the Administrative Directive 9.5 required that an inmate remain discipline free for a twelve (12) month period for a Class "A" offense, six (6) months for a Class "B" violation and four (4) months for a Class "C" violation before consideration for restoration of forfeited good time. During the pendency of this Administrative Directive the petitioner has forfeited 421 days of earned good time credits. As of February 7, 1994, Administrative Directive 9.5 has required that for the consideration of restoration of forfeited earned good time, an inmate must remain discipline free for a period of sixty (60) months for a Class "A" violation, forty-eight (48) months for Class "B" violation and thirty-six (36) months for a Class "C" violation. The petitioner has now a total of 1070 days of earned statutory good time which he has forfeited CT Page 4666 and complains that the current waiting periods of the current Administrative Directive 9.5 is being applied for consideration of restoration by the respondent.
Since the Commissioner of Corrections or his designee has the discretionary function of applying, revocating or restoring statutory good time credits, Howard v. Commissioner ofCorrections, 230 Conn. 17, 19 n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden, 26 Conn. App. 132,134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchezv. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits but that the retrospective application of the directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181.
Finally, ex post facto relates to crimes only, making innocent acts criminal. The Constitutional Clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 183.
For the above reason the petition is denied.
Corrigan, JTR