[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging a plethora of claims which include forfeited good time, unfair disciplinary hearings, loss of property, lack of medical care and physical abuse. He testified that he has forfeited 583 days of earned good time and some of that is as a result of a bogus ticket and some other without any hearing. He testified that on September 20, 1995 a kitchen waiter had placed two (2) pieces of fruit on his tray when Correctional Officer Pellegrino came over and was grabbing one of the pieces when he momentarily grabbed his wrist to prevent it. He received a disciplinary ticket for which he had a hearing but was found guilty. In August of 1995 he lost 60 days of earned good time without the benefit of a hearing.
Officer Pellegrino testified that on September 20, 1995 he saw two (2) pieces of fruit on the petitioner's tray and told him to give one back since he was only entitled to one. When he refused he took one from the tray at which point the petitioner brought CT Page 4670 across the officer's causing an injury to his wrist for which incident he wrote the petitioner a disciplinary report.
Michelle Deveau testified that she is a record specialist in charge of keeping earned and forfeited good time on record. In the case of the petitioner an audit showed that petitioner had forfeited earned good time of 60 days on April 23, 1994 and 60 days on August 20, 1994 which had not been reported to her for record keeping. From that audit she posted both those forfeitures on August 30, 1995. She also testified that the petitioner's record shows that he has earned 839 days of good time and the first recorded forfeiture of good of time occurred on August 4, 1991 in the amount of 15 days.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456. Certainly an inmate has no right in a prison setting to test the authority of staff by any exercise of force. Likewise the Commissioner of Corrections or his designee has the discretionary function of applying, revocating or restoring good time credits. Howard v.Commissioner of Corrections, 230 Conn. 17, 19 N.3.
For the above reasons the petition is denied.
Corrigan, JTR